```
DIANE J. HUMETEWA
United States Attorney
District of Arizona

ALISON S. BACHUS
Assistant U.S. Attorney
Two Renaissance Square
40 N. Central Avenue, Suite 1200
Phoenix, Arizona 85004-4408
Arizona State Bar No. 023884
Telephone (602) 514-7500
Alison.Bachus@usdoj.gov
```

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>      v.<br><br>Francisco Javier Serrano,<br><br>        Defendant. | CR-08-932-003-PHX-DGC<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, FRANCISCO JAVIER SERRANO, hereby agree to the following disposition of this matter:

**PLEA**

The defendant will plead guilty to Count 10 of the Third Superseding Indictment charging the defendant with a violation of Title 18, United States Code, Sections 2113(a) and (d) and 2, Armed Bank Robbery and Aid and Abet, a Class B felony offense, and Count 3 of the Third Superseding Indictment charging the defendant with a violation of Title 18, United States Code, Sections 924(c)(1)(A)(i, ii) and 2, Use of a Firearm During a Crime of Violence and Aid and Abet, a Class A felony offense.

**TERMS**

The defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining the defendant's sentence. The defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crimes of conviction.

1. **MAXIMUM PENALTIES**

   a.   A violation of Title 18, United States Code, Section 2113(a) and (d), is punishable by a maximum fine of $250,000.00, a maximum term of imprisonment of 25 years, or both and a term of supervised release of not to exceed 3 years.  A violation of Title 18, United States Code, Section 924(c), is punishable by a maximum fine of $250,000.00, a maximum term of life imprisonment, or both and a term of supervised release of not to exceed 5 years.

   According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall:

   (1)   Order the defendant to make restitution to any victim of the offense unless, pursuant to Title 18, United States Code, Section 3663, the Court determines that restitution would not be appropriate in this case;

   (2)   Order the defendant to pay a fine, which may include the costs of probation, supervised release or incarceration, unless, pursuant to Title 18, United States Code, Section 3611, the defendant establishes the applicability of the exceptions found therein;

   (3)   Order the defendant, pursuant to Title 18, United States Code, Section 3583 to serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed, and the Court may impose a term of supervised release in all other cases.

   b.   Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a special assessment on the defendant of $100.00.  The defendant agrees, as a term of this plea agreement, that the special assessment is due at the time defendant enters the plea of guilty, but in no event shall it be paid later than the time of sentencing.  The defendant also agrees that if the defendant is indigent, the special assessment will be collected in the same manner as would a fine, according to the provisions of Chapters 227 and 229 of Title 18, United States Code.

2. **AGREEMENTS REGARDING SENTENCING**

   a.   <u>Stipulated Sentence</u>  Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the following is an appropriate disposition of this case: **The**

defendant shall be sentenced to no less than 18 years (216 months) incarceration, and no more than 22 years (264 months) incarceration.  The parties recognize that this range is higher than the defendant's advisory Guideline range will likely be calculated, but agree that the higher range accounts for the breadth of the defendant's conduct.

      b.    If the Court, after reviewing this plea agreement, concludes that any provision is inappropriate, it may reject the plea agreement, giving the defendant, in accordance with Fed. R. Crim. P. 11(c)(5), an opportunity to withdraw the guilty plea.

      c.    The United States retains the unrestricted right to make any and all statements it deems appropriate to the Probation Office and to make factual and legal responses to any statements made by the defendant or defense counsel or objections to the presentence report or to questions by the Court at the time of sentencing.

      d.    <u>Acceptance of Responsibility</u>  Assuming the defendant makes full and complete disclosure to the Probation Office of the circumstances surrounding the defendant's commission of the offense and, if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a three-point reduction in the applicable sentence guideline offense level, pursuant to Section 3E1.1 of the Guidelines.

**3.    AGREEMENT TO MAKE RESTITUTION**

The defendant specifically agrees to make restitution to the victims in an amount to be determined by the Court.

**4.    AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

      a.    The United States agrees dismiss Counts 1-2 and 11-13 of the Third Superseding Indictment as to the defendant.

      b.    The United States agrees not to prosecute the defendant for any other armed bank robbery in which the defendant may have been implicated (i.e. August 5, 2008 robbery), as well as immigration and firearms violations that the United States had previously charged in this case.

      c.    This agreement does <u>not</u>, in any manner, restrict the actions of the United States in any other district nor bind any other United States Attorney's Office.

Case 2:08-cr-00932-DGC   Document 298   Filed 10/30/09   Page 4 of 12

   d. The United States is not presently aware of any other **federal** investigations or charges.

5. <u>**WAIVER OF PRESERVATION OF BIOLOGICAL EVIDENCE**</u>

Pursuant to Title 18 U.S.C. Section 3600A, the defendant knowingly and voluntarily waives the right to request DNA testing of any biological evidence in this case and understands that biological evidence collected by the government will be destroyed after sentencing.

6. <u>**FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS**</u>

   a. The defendant consents to the forfeiture of the following firearms: a Ruger P89DC 9mm semi-automatic handgun, serial number 315-14397; a 16-gauge Blean Biller (sawed-off) shotgun, Model Pigeon, no serial number; and a 12-gauge Remington Arms Company (sawed-off) shotgun, Model 870, serial number W825233M, which are currently in the lawful custody of the Federal Bureau of Investigation (hereinafter referred to as "Specified Property").

   b. The defendant acknowledges that the Specified Property is subject to forfeiture pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c) as it was involved in or used in a violation of 18 U.S.C. §§ 2113(a) and (d) and 924(c).

   c. The defendant understands that the appropriate law enforcement agency will dispose of the property covered by this agreement in accordance with law, including by destruction.

   d. The defendant agrees to fully assist the government in the forfeiture and/or abandonment of the property covered by this agreement and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to, surrendering title and executing any documents necessary to transfer the defendant's interest in any of the Specified Property to the United States, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture.

   e. The defendant consents to the entry of a preliminary order of forfeiture of the Specified Property prior to sentencing and a final order of forfeiture of the Specified Property

4

at sentencing and judgment. At the time of the entry of the court's judgment, any preliminary order of forfeiture shall automatically be made final and be incorporated into the sentence and judgment.

    f.    The defendant agrees to hold the United States, its agents and employees harmless from any claims whatsoever in connection with the seizure, storage, forfeiture and/or disposal of property covered by this agreement.

    g.    The defendant knowingly and voluntarily waives any right, challenge, defense, argument, and/or claim arising under (i) the U.S. Constitution, including without limitation the clauses thereof relating to due process, excessive fine, excessive punishment, double jeopardy, and/or trial by jury; (ii) any statutory provision, including without limitation any provision in the Civil Asset Forfeiture Reform Act of 2000 or any statute of limitations, and/or relating to trial by jury, service of process, notice to the defendant or the defendant's attorney or other agent (whether in the charging instrument, during the plea colloquy, at sentencing, or at any other time or in any other document), and/or any other process or proceeding; (iii) any rule of practice or procedure, including without limitation Fed. R. Crim. P. 7(c)(2), 11(b)(1)(J), and 32.2; and/or (iv) any principle of equity. Such waivers shall apply irrespective of whether the right, challenge, defense, argument and/or claim at issue is brought or asserted through motion, appeal, habeas corpus proceeding, or any other means.

    h.    The defendant further waives, and agrees to the tolling of, any rule or provision of law limiting the time for commencing, or providing notice of, any administrative or judicial forfeiture proceeding with respect to the property covered by this agreement, including, but not limited to, such limitations contained in 18 U.S.C. § 924(d)(1) and 19 U.S.C. § 1621.

    i.    Any criminal, civil or administrative forfeiture or abandonment of the defendant's right, title, and interest in any property shall not now or in the future be treated as satisfaction of any assessment, fine, restitution, cost of imprisonment, or any other penalty that the court may impose upon the defendant in addition to forfeiture/abandonment.

j.  Nothing in this agreement shall prevent the United States from instituting civil, judicial, or administrative forfeiture proceedings against any additional forfeitable assets in which the defendant has an interest.

k.  The defendant agrees not to file a claim or assist others in filing a claim to any of the property covered by this agreement in any criminal or civil proceeding, administrative or judicial, which may be initiated and agrees to abandon any claims already made in such proceedings.

l.  The defendant understands and agrees that, by virtue of his plea of guilty, the defendant will waive any rights or cause of action that the defendant might otherwise have had to claim that he is a "substantially prevailing party" for the purpose of recovery of attorney fees and other litigation costs in any related civil forfeiture proceeding.

7.  **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives any and all motions, defenses, probable cause determinations, and objections which the defendant could assert to the indictment or information or to the Court's entry of judgment against the defendant and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against the defendant; (2) any right to appeal the imposition of sentence upon the defendant under Title 18, United States Code, Section 3742 (sentence appeals); and (3) any right to collaterally attack the defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack. The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his conviction or sentence in this case.

8.  **PERJURY AND OTHER FALSE STATEMENT OFFENSES OR OTHER OFFENSES**

Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by defendant after the date of this agreement. Any information, statements, documents, and

evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such prosecutions.

**9. REINSTITUTION OF PROSECUTION**

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed at any time, the United States will be free to prosecute the defendant for all charges of which it has knowledge, and any charges that have been dismissed because of this plea agreement will be automatically reinstated. In such an event, the defendant waives any objections, motions, or defenses based upon the Statute of Limitations, the Speedy Trial Act or constitutional restrictions in bringing of the later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial or proceeding as permitted by Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410.

**10. DISCLOSURE OF INFORMATION TO U.S. PROBATION OFFICE**

The defendant will cooperate fully with the United States Probation Office. Such cooperation will include truthful statements in response to any questions posed by the Probation Department including, but not limited to:

    a. All criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines.

    b. All financial information, e.g., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

    c. All history of drug abuse which would warrant a treatment condition as part of sentencing.

    d. All history of mental illness or conditions which would warrant a treatment condition as a part of sentencing.

**FACTUAL BASIS**

I admit that if this matter were to proceed to trial the United States could prove the following facts, which occurred in the District of Arizona on or about the dates alleged in the Third Superseding Indictment, beyond a reasonable doubt:

1     <u>Elements: Armed Bank Robbery and Aid and Abet</u>

2     First, the defendant took money belonging to a financial institution;

3     Second, the defendant used force, violence, or intimidation in doing so;

4     Third, the deposits of the financial institution were insured by the Federal Deposit Insurance Corporation (FDIC) or National Credit Union Association (NCUA);

6     Fourth, the defendant intentionally made a display or force that reasonably caused the teller to fear bodily harm by a dangerous weapon; and

8     Fifth, the defendant aided and abetted in this crime by knowingly and intentionally aiding, counseling, commanding, inducing or procuring another person in the commission of this crime before the crime was completed, and the defendant knew the crime was being committed when he acted.

12     <u>Elements: Use of a Firearm During a Crime of Violence and Aid and Abet</u>

13     First, the defendant committed the crime of Armed Bank Robbery and Aid and Abet;

14     Second, the defendant knowingly used, carried and brandished a firearm during the crime; and

16     Third, the defendant aided and abetted in this crime by knowingly and intentionally aiding, counseling, commanding, inducing or procuring another person in the commission of this crime before the crime was completed, and the defendant knew the crime was being committed when he acted.

21     I further agree that the following facts accurately describe my conduct in connection with the offense to which I am pleading guilty and that if this matter were to proceed to trial the government could prove the following facts beyond a reasonable doubt:

24     <u>Facts - the defendant admits that:</u>

25     On July 24, 2008, I drove the getaway vehicle in an armed bank robbery. I drove co-defendants Julio Feliciano, Jr., Andrei Chavez, and Marco Serrano to the Meridian Bank, 1675 North 95th Lane, Phoenix, Arizona, and I waited in the vehicle as they robbed the bank. I knew they were robbing the bank with firearms and that I was to help them flee after they were

finished. They wore wigs, dark make-up, sunglasses, and long-sleeved clothing to disguise themselves. They brandished handguns and a shotgun and ordered everyone in the bank to the ground. One of the robbers jumped across the teller counter, approached the victim-teller, Denise Walton, and demanded money as he pointed a handgun at her. Another co-defendant pointed a shotgun at her and demanded money. She complied with their demands and placed the money on the counter as one kept a handgun pointed at her. My co-defendants placed the money in a bag and ran out of the bank. An audit conducted after the robbery showed that $11,799.00 in FDIC-insured funds were stolen. After they robbed the bank, they returned to the stolen vehicle that I was waiting in, and we fled the area. I drove them to a pre-designated meeting place where co-defendants Sabrina Feliciano and Julie Castillo were waiting in another vehicle. We then fled in the two vehicles. A short time after the robbery, we abandoned the stolen vehicle.

On August 12, 2008, I entered the Bank of America located at 11455 West Buckeye Road, Avondale, Arizona with co-defendants Julio Feliciano and Marco Serrano. Marco Serrano jumped over the teller counter, pointed a handgun at the teller, Gloria Gonzalez, and demanded money. I brandished a shotgun and pointed it at bank employees and customers as I ordered people to the ground, and Julio Feliciano also brandished a shotgun. Our displays of force reasonably caused the customers and employees, including the victim-teller, to fear bodily harm, and the victim-teller provided my co-defendant with money. An audit conducted after the robbery determined that $6,998.01 in federally-insured funds were stolen. After we robbed the bank, we fled in a stolen van that co-defendant Herardo Islas was driving. He drove us to a pre-determined meeting place where Julie Castillo and Sabrina Feliciano were waiting for us in another vehicle. Prior to the robbery, we had planned on meeting Julie Castillo and Sabrina Feliciano and abandoning the stolen van. However, law enforcement, who had been watching us before and during the robbery, followed us as we drove away from the bank. As we drove to the meeting place, we saw that the women had been approached by law enforcement. We therefore drove away from the area until we came to a dead-end in a residential neighborhood.

Julio Feliciano, Marco Serrano, Herardo Islas, and I exited the van and fled on foot. We were arrested after a brief foot pursuit.

I understand that I will have to swear under oath to the accuracy of this statement, and if I should be called upon to testify about this matter in the future, any intentional material inconsistencies in my testimony may subject me to additional penalties of perjury or false swearing which may be enforced by the United States under this agreement.

## DEFENDANT'S APPROVAL AND ACCEPTANCE

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions.

I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination -- all with the assistance of counsel -- and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charges to which I am entering my guilty plea. I have further been advised by my attorney of the nature and range of the possible sentence and that my ultimate sentence will be determined after consideration of the advisory Sentencing Guidelines. I understand that the Guideline Range referred to herein or discussed with my attorney is not binding on the court and is merely an estimate.

My guilty plea is not the result of force, threats, assurances or promises other than the promises contained in this agreement. I agree to the provisions of this agreement as a voluntary act on my part and I agree to be bound according to its provisions.

I fully understand that, if I am granted probation or placed on supervised release by the court, the terms and conditions of such probation/supervised release are subject to modification

at any time. I further understand that, if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence may otherwise be altered.

I agree that this written plea agreement contains all the terms and conditions of my plea and that promises made by anyone (including my attorney), and specifically any predictions as to the guideline range applicable, that are not contained within this written plea agreement are without force and effect and are null and void.

I am satisfied that my defense attorney has represented me in a competent manner.

I am fully capable of understanding the terms and conditions of this plea agreement. I am not now on or under the influence of any drug, medication, liquor, or other intoxicant or depressant, which would impair my ability to fully understand the terms and conditions of this plea agreement.

6-30-09
Date

FRANCISCO JAVIER SERRANO
Defendant

### DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client, in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory sentencing guideline with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or by any of its representatives which are not contained in this written agreement.

I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort

11

```
 1 | to ensure that the guilty plea is entered in accordance with all the requirements of
 2 | Fed. R. Crim. P. 11.
```

6/30/09
Date

_____
KRISTINA SITTON
Attorney for Defendant

**UNITED STATES' APPROVAL**

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

DIANE J. HUMETEWA
United States Attorney
District of Arizona

6-30-09
Date

_____
ALISON S. BACHUS
Assistant U.S. Attorney

**COURT'S ACCEPTANCE**

10/29/09
Date

_____
DAVID G. CAMPBELL
United States District Judge