JON M. SANDS
Federal Public Defender
KEITH J. HILZENDEGER #023685
Assistant Federal Public Defender
850 West Adams Street, Suite 201
Phoenix, Arizona 85007
(602) 382-2700   voice
keith_hilzendeger@fd.org

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>vs.<br><br>Francisco Javier Serrano,<br><br>  Defendant. | No. 2:08-cr-932-PHX-DGC-3<br><br>**Notice Regarding Defendant's *Pro Se* Motion for Appointment of Counsel** |

On August 23, 2021, Mr. Serrano filed a *pro se* motion for appointment of counsel. (Dkt. #572) Read liberally, *see Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1991), the motion asks for appointment of counsel to assist him with two litigation tasks: a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A); and a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Pursuant to General Orders 16-20 and 20-28, the Federal Public Defender has reviewed this filing. Upon review, the Federal Public Defender sees no basis for appointment of counsel under those general orders, and leaves it to the Court's discretion under 18 U.S.C. § 3006A(a)(2)(B) whether to appoint counsel for any other reason.

On May 5, 2009, a grand jury returned a third superseding indictment that charged Mr. Serrano and six confederates with conspiracy to commit armed bank robbery, in violation of 18 U.S.C. §§ 371 and 2113(a) and (d); six counts of armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); and six related counts of brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). (Dkt. #111) To settle these charges, Mr. Serrano and the government entered into a plea agreement. He agreed to plead guilty to one of the armed bank robbery counts and one of the § 924(c) counts. (Dkt. #298 at 1) In exchange, the

parties stipulated pursuant to Fed. R. Crim. P. 11(c)(1)(C) that his sentence would be between 18 and 22 years in prison. (Dkt. #298 at 2–3) At the sentencing hearing held on October 28, 2009, the Court accepted the stipulated-sentence plea agreement and imposed a total sentence of 20 years, consisting of 13 years on the bank robbery followed by 7 years on the § 924(c) count. (Dkt. #299)

Mr. Serrano's *pro se* motion for appointment of counsel asks the Court to appoint counsel to assist him in seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This requirement does not affect this Court's subject-matter jurisdiction to entertain Mr. Serrano's *pro se* motion. *See United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (per curiam). The Court must, however, dismiss any request for a sentence reduction under § 3582(c)(1)(A) for lack of exhaustion if the government so requests. *Id.* Mr. Serrano's *pro se* motion does not explain whether he has exhausted his administrative remedies as required by § 3582(c)(1)(A). Accordingly, the Federal Public Defender sees no basis for appointment of counsel under General Order 20-28.

Mr. Serrano's motion for appointment of counsel also asks the Court to appoint counsel to assist him in litigating a motion under 28 U.S.C. § 2255. He lists several potential grounds for relief:

- Sentencing counsel was ineffective for failing to pursue a downward variance based on his status as a deportable noncitizen. *See United States v. Thomas*, 999 F.3d 723, 736 (D.C. Cir. 2021) (citing *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994)).

- Sentencing counsel was ineffective for failing to file a notice of appeal.

- Sentencing counsel was ineffective for failing to seek a "2 point departure under [the] Fair Sentencing Act."

- Sentencing counsel was ineffective for "overlooking a potential defense to his firearm charge."

- The sentencing judge based the sentence on inaccurate or unreliable information, in violation of his due process rights. *See, e.g.*, *United States v. Vera*, 893 F.3d 689, 695 (9th Cir. 2018) ("Reversal may be necessary when a district court bases a sentence on sources whose reliability is not apparent from the record.").

- His § 924(c) conviction is invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019).

Under General Order 16-20, this Court will appoint counsel for any defendant who has a colorable claim for relief under *Johnson v. United States*, 576 U.S. 591 (2015). In *Davis*, the Supreme Court applied the rationale of *Johnson* to hold that the residual clause of the definition of the term "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. However, the Ninth Circuit has held that armed bank robbery is a "crime of violence" under the elements clause of § 924(c)(3)(A). *See United States v. Watson*, 881 F.3d 782 (9th Cir. 2018). Accordingly, the Federal Public Defender sees no basis for appointment of counsel under General Order 16-20.

The Federal Public Defender takes no position on whether the Court should appoint counsel to assist Mr. Serrano with any of his other proposed § 2255 claims. *See generally Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

The Federal Public Defender represented Mr. Serrano at sentencing, but now faces a conflict of interest in representing him because he seeks to litigate claims of ineffective assistance of sentencing counsel. *See generally Moormann v. Schriro*, 426 F.3d 1044, 1058–59 (9th Cir. 2005) (explaining that a postconviction lawyer had a conflict of interest in raising claims of ineffective assistance of appellate counsel, where the same lawyer had also represented the petitioner); *State v. Bennett*, 146 P.3d 63, 67 (Ariz. 2006) (explaining that "it is improper for appellate counsel to argue his own ineffectiveness at trial"). The Federal Public Defender stands ready to locate counsel to assist Mr. Serrano in any manner the Court may direct.

***Statement Regarding Service of This Filing.*** A copy of this filing was sent by first-class mail to Francisco Javier Serrano #88785-008, FCI-Victorville Medium I, PO Box 3725, Adelanto, California 92301.

Respectfully submitted: September 8, 2021.

JON M. SANDS
Federal Public Defender

*s/Keith J. Hilzendeger*
KEITH J. HILZENDEGER
Assistant Federal Public Defender