IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff,<br><br>v.<br><br>Francisco Javier Serrano,<br><br>  Defendant. | No. CR-08-00932-003-PHX-DGC<br><br>**ORDER** |

Defendant Francisco Serrano moves the Court to reconsider its order denying his request for appointed counsel. Doc. 581; *see* Docs. 574, 575. The motion will be denied.

**I.    Background.**

In June 2009, Defendant pled guilty to armed bank robbery and use of a firearm during a crime of violence. Docs. 171, 298; *see* 18 U.S.C. §§ 924(c) and 2113(a), (d). The Court imposed a 20-year sentence on November 2, 2009. Doc. 299. Defendant presently is confined at the federal correctional institution in Victorville, California. *See* Federal BOP, *Find an inmate*, https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited Nov. 15, 2021).

In September 2021, Defendant moved for appointment of counsel to assist him with a motion for a sentence reduction under 18 U.S.C. § 3582(c) and a motion to vacate his sentence under 28 U.S.C. § 2255. Docs. 572, 574. The Federal Public Defender's Office filed a notice stating that appointment of counsel is not warranted. Doc. 573. On

September 21, 2021, the Court denied Defendant's motion because he failed to show the requisite "exceptional circumstances" warranting appointment of counsel. Doc. 575 (citing 28 U.S.C. § 1915(e)(1)). Specifically, the Court found that: (1) Defendant did not state that he had exhausted his administrative remedies for purposes of a motion to reduce sentence under § 3582(c); (2) armed bank robbery is a "crime of violence" under the elements clause of § 924(c); (3) Defendant failed to show a likelihood of success on any § 2255 claim; and (4) Defendant has demonstrated an ability to file *pro se* pleadings. *Id.* at 1-2 (citations omitted). Defendant moves for reconsideration of that order. Doc. 581.

## II.   Reconsideration Standard.

Motions for reconsideration are disfavored and rarely granted. *See Nw. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *Resolution Tr. Corp. v. Aetna Cas. & Sur. Co.*, 873 F. Supp. 1386, 1393 (D. Ariz. 1994). Such a motion will be denied absent a showing of manifest error or new facts or legal authority that could not have been brought to the Court's attention earlier with reasonable diligence. *See* LRCrim 12(a); LRCiv 7.2(g)(1); *United Nat'l Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). The motion may not repeat previous arguments or "ask the Court to rethink what it has already thought through." *Motorola, Inc. v. J.B. Rodgers Mech. Contractors*, 215 F.R.D. 581, 582 (D. Ariz. 2003); *see Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008) ("Mere disagreement with a previous order is an insufficient basis for reconsideration.").

## III.   Defendant's Motion for Reconsideration.

Defendant sought assistance of counsel to obtain a sentence reduction under § 3582(c) due to the COVID-19 pandemic. Doc. 574 at 1-3. As previously explained, a court may reduce a sentence under § 3582(c) "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." Doc. 575 at 2 (quoting § 3582(c)(1)(A)). Defendant again fails to state whether he has exhausted his

administrative remedies. *See* Doc. 581. What is more, Defendant has now been vaccinated against COVID-19. *See id.* at 3. The appointment of counsel is not warranted with respect to a motion under § 3582(c).

Defendant contends that appointment of counsel is appropriate due to the limited legal resources available in prison and his indigence, lack of legal training, and limited proficiency with the English language. Doc. 581 at 1-3. But Defendant "is in no different position than many *pro se* prisoner litigants." *Medina v. Arpaio*, No. CV 13-0572-PHX-DGC, 2013 WL 4079413, at *8 (D. Ariz. Aug. 13, 2013) The fact that Defendant "is in custody, lacks legal training and does not have unlimited access to legal research resources are difficulties faced by all incarcerated litigants and do not require the appointment of counsel[.]" *Frando v. Gore*, No. 21-CV-01434-JLS-KSC, 2021 WL 4710849, at *1 (S.D. Cal. Oct. 8, 2021); *see also Ruiz v. N. Dist. of Cal. Clerk*, No. 2:20-cv-2025-TLN-DMC-P, 2021 WL 5180002, at *1 (E.D. Cal. Nov. 8, 2021) ("[T]he Court does not at this time find the required exceptional circumstances. According to Plaintiff, appointment of counsel is warranted because Plaintiff does not speak English. These circumstances are common among all non-English speaking prisoners and are not the types of exceptional circumstances necessary for the appointment of counsel."); *Chatman v. Cambero*, No. 21-CV-283 JLS (MDD), 2021 WL 4993047, at *9 (S.D. Cal. Oct. 27, 2021) (denying appointment of counsel where the plaintiff's complaint "demonstrate[d] that, while not formally trained in law, he is fully capable of articulating the facts and circumstances relevant to his claims"); *Broman v. Ryan*, No. CV-19-00082-TUC-RM, 2021 WL 4439434, at *3 (D. Ariz. Sept. 27, 2021) (noting that a litigant's "pro se status, indigence, limited legal resources, [and] ignorance of the law . . . do not constitute extraordinary circumstances").[1]

Because Defendant has provided no basis for the Court to reconsider its order denying appointed counsel, his motion will be denied.

---

[1] Contrary to Defendant's suggestion, the Court has not denied him appointed counsel because of his nationality or citizenship. *See* Doc. 581 at 4.

**IT IS ORDERED** that Defendant's motion for reconsideration (Doc. 581) is **denied**.

Dated this 17th day of November, 2021.

*David G. Campbell*

David G. Campbell
Senior United States District Judge